22-782-cv
Maione v. Zucker

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

_____

SCOTT MAIONE, TASHA OSTLER,

*Plaintiffs-Appellants*,

v.                                                          No. 22-782-cv

JAMES V. MCDONALD, in his official capacity
as Commissioner of the New York State
Department of Health, HOWARD A.
ZUCKER, in his individual capacity, DANIEL
W. TIETZ, in his official capacity as
Commissioner of the New York State Office of
Temporary and Disability Assistance,
SAMUEL D. ROBERTS, in his individual

capacity, JOAN SILVESTRI, individually and in her official capacity as Commissioner of the Rockland County Department of Social Services, DARLENE OTO, individually and in her official capacity as Principal Hearing Officer of the New York State Office of Temporary and Disability Assistance,

*Defendants-Appellees.*\*

_____

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | LOUIS J. MAIONE, Law Offices of Louis J. Maione, New York, NY |
| FOR DEFENDANTS-APPELLEES MCDONALD, ZUCKER, TIETZ, ROBERTS, AND OTO: | ELIZABETH A. BRODY, Assistant Solicitor General (Barbara Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, NY |
| FOR DEFENDANT-APPELLEE SILVESTRI: | LARRAINE S. FEIDEN, Principal Assistant County Attorney, *for* Thomas E. Humbach, County Attorney, Rockland County Department of Law, New City, NY |

_____

\* The Clerk of Court is directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), James V. McDonald is automatically substituted for former Commissioner Howard A. Zucker as Defendant-Appellee and Daniel W. Tietz is automatically substituted for former Commissioner Samuel D. Roberts as Defendant-Appellee for the purposes of Plaintiffs' claims against Zucker and Roberts in their official capacities. Both Zucker and Roberts remain as Defendants-Appellees in their individual capacities.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part, and the appeal is **DISMISSED** in part.

Plaintiffs-Appellants ("Plaintiffs") Scott Maione and Tasha Ostler, on behalf of themselves and their children, J.M., M.M., and S.M., appeal from a March 15, 2022 judgment of the district court (Karas, *J.*) dismissing their claims against Defendants-Appellees Howard A. Zucker, Samuel D. Roberts, and Joan Silvestri in their official and individual capacities. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate and remand in part, and dismiss the appeal in part.

I.    **Factual and Procedural Background**

J.M. and M.M. are twins who suffer from disabling and chronic health conditions and were placed on supplemental security income and Medicaid in 2011 and 2013, respectively. In late 2011 Plaintiffs requested and were denied reimbursements for various expenses for J.M. and M.M., including "over the counter supplies, co-pays, premiums and related medical expenses," App'x 42, as well as "diapers, comfort adjustment seating and bedding, nebulizers, [and] sanitary wipes," *id.* at 158. Plaintiffs

3

requested a fair hearing to challenge these denials on behalf of J.M. and prevailed, after which they were reimbursed over $30,000 in medical expenses.

Plaintiffs then requested additional reimbursements on behalf of all three children. Rockland County's Department of Social Services processed some reimbursements but denied others, including those for out-of-pocket expenses for care they determined was not covered by Medicaid, expenses deemed "[n]on-medical," and transportation expenses for which Plaintiffs did not submit receipts. App'x 118, 237–38. Plaintiffs again requested fair hearings to challenge these denials. The denials were upheld in sixteen fair hearings.

Plaintiffs also challenged the county's denials of their reimbursement requests in federal and state court. To date, they have initiated four proceedings in state court. In October 2017 Plaintiffs brought a federal action against a private contractor that managed Medicaid transportation, reiterating their reimbursement claims for transportation expenses. We affirmed the district court's dismissal of that action, with the caveat that "dismissal of any claims brought on behalf of [Maione's and Ostler's] minor children should have been without prejudice." *Maione v. Med. Answering Servs., LLC*, No. 18-3205, 2019 WL 1858370, at *1 (2d Cir. Mar. 11, 2019).

In August 2018 Plaintiffs filed this action on behalf of themselves and their children, claiming that the county's denials of their reimbursement requests violated the Fourteenth Amendment, various federal statutes, and state law. In March 2022 the district court dismissed Plaintiffs' Second Amended Complaint ("SAC") after

4

concluding that (1) state sovereign immunity barred their claims against Zucker, Roberts, and Silvestri in their official capacities, and (2) Plaintiffs failed to state a claim against Zucker, Roberts, and Silvestri under 42 U.S.C. § 1983. We review the district court's decision *de novo*. *See Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 184 (2d Cir. 2012).

## II. Claims Against Defendants-Appellees McDonald, Tietz, and Silvestri in their Official Capacities

### A. Claims for Money Damages

We agree with the district court that state sovereign immunity bars Plaintiffs' claims against McDonald (substituted for Zucker pursuant to Federal Rule of Appellate Procedure 43(c)(2)), Tietz (substituted for Roberts), and Silvestri in their official capacities. *See Tsirelman v. Daines*, 794 F.3d 310, 314 (2d Cir. 2015). In the SAC, Plaintiffs asked the district court to direct Defendants to "reimburse Plaintiffs for over $90,000 of unlawfully denied medical expense reimbursement," "reimburse Plaintiffs for hearing preparation, attendance and accounting expenses . . . and interest accumulated on purchases made by Plaintiffs on credit cards and loans," and "pay statutory damages." App'x 78–79. Thus, "even if state officials are the nominal defendants, the state is the real party in interest" here, *Tsirelman*, 794 F.3d at 314, and this case is "in essence one for the recovery of money from the state," *Williams v. Marinelli*, 987 F.3d 188, 197 (2d Cir. 2021) (quotation marks omitted).

### B. Claims for Injunctive Relief

Although Plaintiffs' arguments focused primarily on claims for money damages,

construing the complaint liberally, we have identified three claims for prospective injunctive relief.  In contrast to the claims for money damages, claims for prospective injunctive relief requiring the state to comply with federal law are not barred by state sovereign immunity.  *Ex parte Young,* 209 U.S. 123, 160 (1908).  This exception may apply even if an ancillary consequence of prospective compliance with federal law may be that the state pays benefits it would not have paid pursuant to its pre-injunction practices.  *See Dairy Mart Convenience Stores, Inc. v. Nickel*, 411 F.3d 367, 375 (2d Cir. 2005) (concluding a claim for prospective injunctive relief to secure state compliance with federal law was not barred by state sovereign immunity where the relief sought would ultimately lead to monetary reimbursement from the state treasury).

Thus, we consider each of the alleged claims for prospective injunctive relief—based on the state's "transportation policy," the county's and state's placement of plaintiffs in a third-party coverage program rather than a traditional Medicaid plan, and the county's administration of the "early and periodic screening, diagnostic, and treatment services" ("EPSDT").

### 1. Transportation Policy

In their complaint, Plaintiffs allege that New York's "transportation policy" as it relates to Medicaid coverage is incompatible with federal law because it conflicts with Medicaid's time limit provisions, leaves the minor Medicaid recipients here responsible for cost-sharing medical expenses, was implemented without approval by the Center for Medicare and Medicaid Services ("CMS"), and fails to consider "medical necessity"

6

in its reimbursement policy. App'x 17–19, 71–72, 77. Plaintiffs allege that the ongoing policy violates the Fourteenth Amendment Due Process Clause, App'x 71, The Rehabilitation Act, App'x 75, and Title II of the Americans with Disabilities Act ("ADA"), App'x 40.

On appeal, Plaintiffs' only specific discussion of the "transportation policy" focuses exclusively on past damages:

> The State's transportation policy is … prima facie unlawful and in violation of federal Medicaid law as the policy never was approved by the Center for Medicare and Medicaid Services . . . as required by law, which requires approval anytime a change is made to a State Medicaid plan, *the result of which was a failure to reimburse for meal and travel allowances which in turn resulted in damages pursuant to the ADA.*

Appellants' Brief 51-52 (emphasis added). We therefore deem any prospective claim regarding the "transportation policy" abandoned on appeal. *See Anilao v. Spota*, 27 F.4th 855, 869 n.11 (2d Cir. 2022).

### 2. Cost-Sharing

Plaintiffs allege that the state and county improperly delivered the children's Medicaid benefits through a program that requires them to maintain their primary insurance, subject to reimbursement from the state for premiums and other costs. They allege that as a consequence of this arrangement the minor children have been required to share the costs of their Medicaid expenses in violation of federal Medicaid law. As relief for this claim (and others), Plaintiffs request an order "Directing Defendants to implement required EPSDT/3d Party Coverage Party outreach . . . and agree *to adhere to*

7

*federal law* in return for federal dollars." SAC ¶ 42, App'x 79 (emphasis added). Plaintiffs repeat this claim on appeal. *See* Appellants' Br. 31, 36–37.

Plaintiffs' allegations could potentially support a claim for prospective injunctive relief if Plaintiffs can establish that they are, in fact, required to receive their Medicaid benefits through a program or process that violates federal law because it necessarily requires them to share costs that should be covered by Medicaid. We thus vacate the district court's dismissal of Plaintiffs' claims for prospective injunctive relief requiring the state to comply with federal law in connection with the administration of the minor children's Medicaid benefits, and we remand to the district court for further proceedings with respect to this potential claim.

However, we note that the record is unclear as to whether this alleged violation of federal Medicaid law is ongoing or moot. In the SAC, Plaintiffs alleged that the state improperly placed Plaintiffs "on the 'most cost-effective' insurance for the state, which happens to be the FHP-PAP [Family Health Plus Premium Assistance Program] under which [] Plaintiffs were, *and still are*, reimbursed monthly for private insurance premiums." SAC ¶ 62, App'x 50 (emphasis in original). At oral argument, Plaintiffs' counsel stated that the children continue to be required to carry their own private insurance subject to reimbursement, and that the manner in which this program is administered unlawfully requires them to cost-share. However, the State Defendants' brief indicates that the state repealed the FHP-PAP program on January 1, 2015, suggesting that Plaintiffs no longer cost-share, at least under this program. State

Appellees' Br. 11. Plaintiffs' counsel also represented during oral argument that Plaintiffs had received notice that upon the termination of certain COVID-era measures, Plaintiffs would no longer be allowed to use their third-party insurance and would be required to enroll in a Medicaid HMO. If FHP-PAP has in fact been terminated and Plaintiffs are no longer required to cost-share, their claim that they are being required to receive their Medicaid benefits in a way that violates federal law would be moot. On remand, the district court should determine whether Plaintiffs' claim that Defendants are unlawfully requiring them to receive their Medicaid benefits through a process that results in them having to cost-share remains a live claim.

### 3. "Medically Necessary" Treatments

The complaint also alleges that the county *continues* to violate federal law through its "early and periodic screening, diagnostic, and treatment services" policy by failing to reimburse what Plaintiffs allege are "medically necessary" expenses. According to Plaintiffs, EPSDT requires states to provide all necessary services and supplies "whether or not such services are covered under the State plan." SAC ¶ 126, App'x 62 (citing 42 U.S.C. 1396d (a) and 1396d (r)(5)). Plaintiffs allege that because Defendants have denied payment for medically necessary expenses, "Plaintiffs have suffered and *continue to suffer* . . . a violation of EPSDT." SAC ¶¶ 198-99, App'x 74 (emphasis added). In connection with these ongoing violations, Plaintiffs seek an order "Directing Defendants to implement required EPSDT/3d Party Coverage Party outreach . . . and agree *to adhere to federal law* in return for federal dollars." SAC ¶ 42, App'x 79

(emphasis added).

We express no opinion as to whether Plaintiffs have stated a cognizable claim but conclude that to the extent that Plaintiffs seek prospective injunctive relief from ongoing reimbursement rules or policies that allegedly violate federal law, those claims are not barred by state sovereign immunity. We thus vacate the district court's dismissal of those claims and remand for further proceedings.

## III. Claims Against Defendants-Appellees Zucker, Roberts, and Silvestri in their Individual Capacities

We agree with the district court that the SAC does not state a claim against Zucker, Roberts, and Silvestri in their individual capacities because it fails to "establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity" under 42 U.S.C. § 1983. *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) (quotation marks omitted). The SAC mentions Roberts and Silvestri just twice, once in the caption and once in describing their respective positions. *See* App'x 38, 40. The SAC mentions Zucker one additional time, alleging that one of DOH's letters denying Plaintiffs' requests for reimbursement had been sent on his behalf when he served as the Department of Health Commissioner. *See id.* at 41. None of these references to Zucker, Roberts, and Silvestri constitute allegations that they, "'through [their] own individual actions, . . . violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)); *see Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). We therefore affirm the

district court's dismissal of Plaintiffs' claims against Zucker, Roberts, and Silvestri in their individual capacities.

### IV. Claims Against Defendant-Appellee Oto in Her Official and Individual Capacities

Although Plaintiffs named Darlene Oto as a defendant in the original and first amended complaints, they did not do so in the SAC. Plaintiffs' notice of appeal indicates that they appeal only from the district court's decision to dismiss the Second Amended Complaint. *See* App'x 504. We therefore dismiss Plaintiffs' appeal relating to their claims against Oto for lack of appellate jurisdiction. *See Johnson v. Perry*, 859 F.3d 156, 167–68 (2d Cir. 2017); Fed. R. App. P. 3(c)(1)(B).

We have considered the remainder of Plaintiffs' arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM in part and VACATE in part the judgment of the district court with respect to Plaintiffs' claims against McDonald, Zucker, Tietz, Roberts, and Silvestri, and DISMISS Plaintiffs' appeal with respect to their claims against Oto. We REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11